UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CATHERINE HEMPHILL,

      Plaintiff,

v.                                                      Case No:   2:16-cv-388-FtM-99CM

JOHN CUCKLER, M.D., ALABAMA
MEDICAL CONSULTANTS, INC.,
GERALD R. CARTER, CARTER
ORTHOPEDICS, INC., BIOMET, INC.,
BIOMET ORTHOPEDICS, LLC,
BIOMET U.S. RECONSTRUCTION,
LLC and BIOMET MANUFACTURING,
LLC,

      Defendants.

---

VALERIE LICHTMAN,

      Plaintiff,

v.                                                     Case No:   2:16-cv-390-FtM-99CM

JOHN CUCKLER, M.D., ALABAMA
MEDICAL CONSULTANTS, INC.,
BIOMET, INC., BIOMET
ORTHOPEDICS, LLC, BIOMET U.S.
RECONSTRUCTION, LLC and BIOMET
MANUFACTURING, LLC,

      Defendants.

---

DEBRA WILLIAMS,

      Plaintiff,

v.                                                    Case No:   2:16-cv-391-FtM-38CM

JOHN CUCKLER, M.D., ALABAMA
MEDICAL CONSULTANTS, INC.,

GERALD R. CARTER, CARTER ORTHOPEDICS, INC., BIOMET, INC., BIOMET ORTHOPEDICS, LLC, BIOMET U.S. RECONSTRUCTION, LLC and BIOMET MANUFACTURING, LLC,

    Defendants.

---

MELTON HUNT,

    Plaintiff,

v.                                             Case No:   2:16-cv-408-FtM-38CM

JOHN CUCKLER, M.D., ALABAMA MEDICAL CONSULTANTS, INC., BIOMET, INC., BIOMET ORTHOPEDICS, LLC, BIOMET U.S. RECONSTRUCTION, LLC and BIOMET MANUFACTURING, LLC,

    Defendants.

---

JOY KLINE,

    Plaintiff,

v.                                             Case No:   2:16-cv-409-FtM-38CM

JOHN CUCKLER, M.D., ALABAMA MEDICAL CONSULTANTS, INC., BIOMET, INC., BIOMET ORTHOPEDICS, LLC, BIOMET U.S. RECONSTRUCTION, LLC and BIOMET MANUFACTURING, LLC,

    Defendants.

---

WILLIAM GARRETT,

    Plaintiff,

v.                                                              Case No:   2:16-cv-410-FtM-99CM

JOHN CUCKLER, M.D., ALABAMA
MEDICAL CONSULTANTS, INC.,
BIOMET, INC., BIOMET
ORTHOPEDICS, LLC, BIOMET U.S.
RECONSTRUCTION, LLC and BIOMET
MANUFACTURING, LLC,

      Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on the Biomet Defendants' Amended Motions to Stay Pending Transfer to Multidistrict Proceedings (Doc. #15)[2] and Memoranda in Support (Doc. #16)[3] filed on May 31, 2016.  Defendants seek to stay proceedings in these cases to avoid expensive and duplicative discovery, and pending a decision by the Judicial Panel on Multidistrict Litigation ("MDL") as to whether the cases will be transferred.  Defendants certify that Plaintiff has agreed to a limited stay of briefing on motions filed prior to removal to federal court, and that a stipulation would be filed to reflect the agreement.

On June 3, 2016, Joint Motions to Stay Briefing on State-Court Motions (Doc. #18) were filed reflecting the parties' agreement to stay briefing on pending motions to dismiss

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Court will only reference the documents in the first filed of the cases being handled by the undersigned, but the rulings herein are applicable to the motions filed in each of the above-captioned cases.

[3] The Court notes that the Memoranda violate the "single document" requirement under M.D. Fla. R. 3.01(a), and therefore will not be considered.

3

until the amended motions to stay and motions to remand could be considered. Two weeks later, the parties also filed Joint Motions to Stay Requirements of Local Rule 3.05 (Doc. #24), in an effort to stay the local requirement to meet and prepare a Case Management Report.

After careful consideration, the Court will stay all deadlines and rulings on the dispositive motions, pending a ruling on the motions to remand or transfer to the Multidistrict Litigation Panel (MDL), whichever occurs first. The Court is not inclined to unnecessarily delay proceedings if it lacks subject matter jurisdiction, and therefore the motions to remand will be decided as long as the cases remain in the Fort Myers Division. Moreover, the Court is not inclined to provide expedited review in light of the stay deadlines, and because briefing on the motions to dismiss are also being stayed.

Accordingly, it is now

**ORDERED:**

(1) Defendants' Amended Motions to Stay Pending Transfer to Multidistrict Proceedings (Doc. #15) are **GRANTED** to the extent that ruling on motions to dismiss are deferred and all deadlines are stayed pending a ruling on the motions to remand, or transfer to the MDL, whichever occurs first.

(2) The Joint Motions to Stay Briefing on State-Court Motions (Doc. #18) are **GRANTED** and the filing memoranda in support of the motions to dismiss, and responses thereto, are stayed pending further order or transfer to the MDL, whichever occurs first.

(3) The Joint Motion to Stay Requirements of Local Rule 3.05 (Doc. #24) is **GRANTED** and all deadlines are stayed.

(4) The Notices of Request for Expedited Review

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of July 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record